# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| DARRIEN GOETZENDANNER,<br>Petitioner, ) ) ) ) |   |                              |
| vs.                                  | ) | **CIVIL ACTION**<br>**NO. 09-40037-FDS** |
| JAMES SABA, Superintendent,<br>Respondent | ) ) ) ) |                              |

## ORDER
### May 17, 2011

**HILLMAN, M.J.**

### Nature of the Proceeding

This matter was referred to me by Orders of Reference dated April 5, 2011 and April 27, 2011, for a decision pursuant to 28 U.S.C. § 636(b)(1)(A) on Petitioner's motion seeking appointment of substitute counsel (Docket No. 40)[1] and the Motion to Withdraw (Docket No. 43) filed by Petitioner's attorney.

### Nature of the Case

The Petitioner, Darrien Goetzendanner ("Goetzendanner" or "Petitioner"), is a state inmate incarcerated at the North Central Correctional Institute in Gardner, Massachusetts.

---

[1] Goetzendanner wrote a letter to the court expressing his dissatisfaction with his current appointed counsel, Leslie W. O'Brien, Esq., which the court has treated as a motion to appoint substitute counsel.

Goetzendanner has filed a Petition Under 28 U.S.C. §2254 For Writ Of Habeas Corpus By A Person In State Custody (Docket No. 1)("Petition")

## Current Posture of the Case

On February 12, 2009, Petitioner, proceeding *pro se*, filed his Petition. Thereafter, both parties filed various ministerial and procedural motions which have been ruled on by the court. On April 23, 2009, Petitioner filed a Motion for Appointment of Counsel (Docket No. 8), which was allowed by the court on September 4, 2009. *See Order and Report and Recommendation,* dated September 4, 2009 (Docket No. 21)("Prior Order"). On December 23, 2009, Alan J. Black, Esq. ("Attorney Black"), was appointed to represent Petitioner. On July 16, 2010, Petitioner filed a motion for appointment of new counsel (Docket No. 29); on July 22, 2010, Petitioner withdrew the motion (Docket No. 30). On August 18, 2010, Petitioner filed a renewed motion for appointment of counsel (Docket No. 31); on August 23, 1010, Attorney Black file a Motion To Withdraw As Counsel (Docket No. 32).[2] On September 23, 2010, this court, by electronic endorsement, allowed both the motion to appoint new counsel and the motion to withdraw. On that same date, Leslie W. O'Brien, Esq. ("Attorney O'Brien"), was appointed to represent Petitioner. On January 28, 2011, Petitioner filed a letter with the court which has been treated as a motion to appoint counsel. On April 26, 2011, Attorney O'Brien filed a motion to withdraw.

## Discussion

---

[2]Petitioner filed his initial motion on the grounds that Attorney Black had failed to contact him. The day after the motion was filed, Attorney Black did contact him and the two seemingly resolved any issues concerning Attorney Black's continuing representation and, as noted, Petitioner withdrew the motion. Approximately, a month later, Petitioner filed his renewed motion for new counsel on the grounds that Attorney Black had failed to further contact him or to prosecute his case. Attorney Black then filed his motion to withdraw in which he noted that he had explained to Petitioner that he would be away for most of that period and would not be able to take any action with respect to his case until he returned.

2

The decision as to whether to appoint substitute counsel is within my discretion.  In making that determination, the court will look at the same factors which led to the appointment of counsel in the first instance,  As stated in my Prior Order allowing Petitioner's motion to appoint counsel, a petitioner who is seeking relief under 28 U.S.C. §2254 is not entitled to a free lawyer as of right, but a lawyer may be appointed where the petitioner is indigent *and* "exceptional circumstances" exist that produce a fundamental unfairness if the petitioner is denied counsel.

In my Prior Order, I found that Petitioner was indigent and that he had established exceptional circumstances to warrant appointment of counsel.  Specifically, I found that his claims are novel and complex, require investigation beyond the resources available to him and that he failed to comprehensibly articulate the nature of his claims.  However, since my Prior Order, I find that it is necessary to revisit the issue of whether Petitioner has established that extraordinary circumstances exist warranting the appointment of counsel.

First, Petitioner has had the benefit of two experienced lawyers from this court's CJA list.  While there was an unexplained lengthy delay before Attorney Black first contacted Petitioner, by all accounts once they met, Petitioner was satisfied with his representation.  Attorney Black informed Petitioner at their first meeting in July 2010 that he was scheduled to be out of the Commonwealth until August 12, 2010.  On August 18, 2010, less than a week after Attorney Black was back in his office, Petitioner inexplicably filed a motion for substitute counsel as the result of Attorney Black's failure to prosecute his case.   Attorney Black then filed a motion to withdraw citing a breakdown in attorney/client communications.  That motion was allowed and Attorney O'Brien was appointed in his stead.  As to Attorney O'Brien, it is clear from the record

3

that she has contacted Petitioner and/or corresponded with him on numerous occasions and prepared filings for his review. While awaiting his feedback, she has filed motions for extensions of time with the court. However, because Petitioner is not satisfied with her advice concerning how to best prosecute his Petition, the attorney/client relationship has irretrievably broken down. Under these circumstances I find it necessary to remind Petitioner that he was informed in my Prior Order that, while I found that circumstances warranted appointment of counsel, he *was not* entitled to appointment of counsel of his choice. Where Petitioner has been appointed able counsel, he is not entitled to continually seek substitution of such counsel and/or to sabotage the attorney/client relationship simply because he would prefer someone else.

Second, Petitioner has submitted to the court copies of correspondence between he and Attorney O'Brien. From a review of the record, I find that Attorney O'Brien has been working diligently on Petitioner's behalf, but that a conflict has arisen because Petitioner disagrees with Attorney O'Brien about whether all of the claims he has asserted in his Petition are cognizable and/or should be pursued on federal habeas review. At the same time, it is evident from the correspondence between Petitioner and his lawyer and from additional submissions which Petitioner has made to the court, that at this stage of the proceedings, he (1) comprehends the nature of his claims, (2) has made it clear that he wants his claims articulated to the court in accordance with his understanding of factual and legal underpinnings thereof, and (3) has a far greater appreciation of the substantive and procedural aspects of the law than he indicated when he first filed a motion seeking appointment of counsel.

Accordingly, I find that exceptional circumstances do not exist sufficient to warrant appointment of substitute counsel. Therefore, Petitioner's motion to appoint counsel is denied

4

and Attorney Brien's motion to withdraw is allowed. Going forward, Petitioner shall proceed *pro se*.

## Conclusion

It is Ordered that:

1. The Petitioner's motion seeking appointment of substitute counsel (Docket No. 40) is ***denied***; and

2. The Motion to Withdraw (Docket No. 43) filed by Petitioner's attorney is ***allowed***.

/s/ Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**UNITED STATES MAGISTRATE JUDGE**