# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARRIEN GOETZENDANNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 09-40037-FDS |
| ) | |
| JAMES SABA, Superintendent, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

Petitioner Darrien Goetzendanner was convicted in state court for assault with intent to murder and sentenced to a prison term of twenty years.[1] He was subsequently released on parole. While on parole, he was convicted and sentenced for other crimes, including aggravated rape and assault. On March 30, 2012, this Court denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The present issue is whether Goetzendanner should be granted a certificate of appealability ("COA") in order to appeal the denial of his habeas petition. For the reasons that follow, that certificate will be denied.

## I. Background

Goetzendanner filed a petition under 28 U.S.C. § 2254 asserting four grounds for relief: (1) that he "is unlawfully incarcerated in violation of state and federal law" because the Department of Corrections improperly determined the order in which he was to serve his

---

[1] Goetzendanner is also known as Jah-Rab S.B. Allah.

intervening sentence in relation to his original sentence; (2) he "is unlawfully incarcerated in violation of Art[icle] 30 of the Mass[achusetts] Declaration of Rights" because he is continuing to serve an unlawful sentence; (3) the Massachusetts Appeals Court unlawfully recharacterized his request for post-conviction relief to a claim for declaratory relief; and (4) the Massachusetts Appeals Court unlawfully modified the judgment of the trial court in favor of the Commonwealth of Massachusetts, which had not filed an appeal or cross-appeal and ordered that petitioner reserve a sentence which he had already completed.  (Petition, at 6, 7-8, 9, 10-11).

This Court considered all of his arguments and denied his petition.  Specifically, this Court found (1) that petitioner had failed to demonstrate that the state court's interpretation of state law violated the Constitution or other federal law, and, absent such a showing, the Court must accept state court rulings on state law issues; (2) the state court did not violate a clearly established liberty interest under the Due Process Clause of the Constitution; (3) the state court did not violate the Double Jeopardy Clause of the Constitution by changing the order in which petitioner served his sentences; and (4) the state court did not violate petitioner's clearly established federal rights by liberally construing his petition as a request for declaratory relief.

## II.    Discussion

To appeal a final order in a proceeding instituted under 28 U.S.C. § 2255, the petitioner must first obtain a COA from a circuit justice or a district court.  *See* 28 U.S.C. § 2253(c).  A COA should not issue unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner seeks a certificate of appealability as to his claims regarding (1) the illegality of his sentence; (2) double jeopardy; and (3) the Appeals Court's decision to construe his petition as a claim for declaratory relief. (Pet. Mot. at 1).[2]

### A.     Legality of Petitioner's Sentence

Regarding petitioner's first claim, the state court determined that petitioner's sentence was not illegal under state law. There is no question that this Court must accept the state court's interpretation of its own law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner nonetheless contends that because he would have been eligible for parole earlier had he served the sentences in a different order, he was deprived of a constitutionally protected liberty interest. However, petitioner has no inherent constitutional liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Although a state parole statute in some circumstances *can* create a constitutionally protected liberty interest, "the Massachusetts parole statute, which grants the [Parole] Board wide discretion rather than mandating parole if certain conditions are met, does not create a liberty interest in the grant of parole that is protected by the Due Process Clause of the Fourteenth Amendment." *Seaver v. Mass. Parole Bd.*, 2010 U.S. Dist. LEXIS 118245, at *1 (D. Mass. Nov. 8, 2010) (citing *Lynch v. Hubbard*, 47 F. Supp. 2d 125, 127-29 (D. Mass. 1999)); *accord Lanier v. Fair*, 876 F.2d 243, 251 n.10 (1st Cir. 1989).

---

[2] Petitioner refers to his claim regarding the Appeals Court's order for declaratory relief as a "Jurisdictional Defect." (Pet. Mot. at 1, 4-5).

This Court therefore concludes that reasonable jurists could not find that its dismissal of this claim was incorrect or debatable. Accordingly, the request for a COA as to this claim will be denied.

### B. Double Jeopardy

Petitioner's second claim asserts that by reversing the order in which he served his sentences, the state court violated his rights under the Double Jeopardy Clause of the Fifth Amendment. In essence, petitioner contends that he is being forced to serve two sentences for the same offense. *See United States v. Patel*, 370 F.3d 108, 114 (1st Cir. 2004); *United States v. Halper*, 490 U.S. 435, 440 (1989), *overruled on other grounds by* 522 U.S. 93 (1997).

However, the state court simply declared that the time petitioner had served be credited toward his intervening sentence rather than his original sentence to bring his sentence into compliance with state law. In other words, the declaratory judgment had the legal effect of changing the time petitioner had previously served toward his original sentence to time served toward his intervening sentence. Accordingly, the discharge of his original sentence no longer had any legal effect.[3] The state court was simply correcting an administrative error related to a peculiarity of state law. Petitioner has not and is not serving an additional sentence for the same crime, and petitioner has not identified, and the Court is not aware of, any clearly established federal law that would deem the correction of an administrative error that does not impact the length of petitioner's incarceration a violation of the Double Jeopardy Clause. *See Patel*, 370 F.3d at 114 ("[T]he Double Jeopardy Clause protects against multiple punishments for the same offense. The Clause, however, 'does no more than prevent the sentencing court from prescribing

---

[3] The state court determined that this was not illegal under state law.

greater punishment than the legislature intended.'" (citations omitted)).

This Court therefore concludes that reasonable jurists could not find that its dismissal of this claim was incorrect or debatable. Accordingly, the request for a COA as to this claim will be denied.

### C.    Ordering Declaratory Relief

Petitioner's third claim asserts that the state court violated federal law by, on its own initiative, treating his state habeas petition as a request for declaratory relief, and directing the trial court to declare that petitioner had been serving his intervening sentence. Petitioner has not cited any relevant law to support this contention.[4] Indeed, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" in order to "avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (citations omitted). This is precisely what the state court did here. After determining that petitioner's habeas petition was meritless, the court liberally construed the petition and awarded declaratory relief.

This Court therefore concludes that reasonable jurists could not find that its dismissal of this claim was incorrect or debatable. Accordingly, the request for a COA as to this claim will be denied.

---

[4] Petitioner again cites *Greenlaw v. United States*, 554 U.S. 237, 247 (2008) to support the proposition that the state court could not construe his petition as a request for declaratory relief. However, for the reasons stated in the Court's prior order, *Greenlaw* does not support this contention.

### III. Conclusion

For the foregoing reasons, petitioner's application for a certificate of appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 8, 2012